[Dunlap, Adm'r, v. Mobley, Adm'r.]

# Dunlap, Adm'r, *v.* Mobley, Adm'r.

### *Settlement of Insolvent Estate in Probate Court.*

1. *Construction of deed; what not a condition precedent.*—C., having executed a mortgage to S. on a tract of land owned by him, afterwards executed a deed conveying the lands to his children, reciting a valuable consideration, and containing covenants of warranty, in which was this clause: "Now, this conveyance is made to the parties of the second part, and to their heirs and assigns, absolute and in fee simple, with and on the following *conditions*, and with the knowledge and understanding of them as follows." Then, after a statement of the execution and existence of the mortgage to S. and of the note secured thereby, the deed proceeds: "Now, on payment of said note and full satisfaction of this indebtedness, made by either the party of the second part, then this conveyance shall be absolute in fee simple, and in full force and effect. Until said note is fully satisfied, the land conveyed to S. for the purpose of securing the payment of the same, is and shall remain subject to the conditions and purposes mentioned in the conveyance." The deed further provides that "upon the payment of said note by the party of the first part, or by the parties of the second part, all the right, title and interest in and to the above described land shall vest in the parties of the second part." *Held,*

(*a*) That the term *conditions*, as used in the deed, can not be construed in its technical, legal sense, but in its generic sense, to denote the predicament or *status* of the title.

(*b*) That the payment of the mortgage debt to S. was not made a condition precedent to the vesting of title in the grantees; but the effect of the deed was to convey the lands to the grantees, subject to the incumbrance created by the mortgage.

2. *When witness incompetent.*—On the settlement of the accounts of an administrator in chief, after a declaration of insolvency, with the administrator *de bonis non*, a creditor of the estate, being interested in the trust fund represented by the administrator *de bonis non*, though not a party to the record, is not a competent witness for the latter to prove a transaction with the deceased, which would tend to increase the liability of the administrator in chief.

3. *When administrator not entitled to credit for moneys expended.* Where the decedent conveyed lands to his children, subject to a mortgage which he had previously executed thereon, an administrator is not entitled to a credit on settlement of his accounts, after a declaration of insolvency, for moneys paid by him on the mortgage debt.

APPEAL from Greene Probate Court.

Tried before Hon. THOS. W. ROBERTS.

John R. Carpenter departed this life on or about 25th July, 1876, being at the time of his death a citizen of this State, residing in Greene county; and on 25th August, 1876, letters of administration upon his estate were granted by the Probate Court of said county to James P. Dunlap, the appellant. On

3d February, 1879, on the report of the administrator, the estate was duly declared insolvent, and a day fixed for the administrator to make a settlement of his accounts. On 15th March, 1879, on the nomination of the creditors, made under the statute, Green B. Mobley, the appellee, was duly appointed administrator *de bonis non* of said estate; and on 19th August, 1879, a settlement of Dunlap's administration upon said estate was made. On the settlement the court, on the motion of the appellee, charged the appellant (1) with the proceeds of certain cotton which was raised on lands known as the "Rice place" during 1876, the year of the decedent's death, and (2) with the rent of the lands for the years 1877 and 1878. The evidence introduced on the settlement showed that the decedent became the owner of these lands in January, 1873; that on 19th December, 1874, he executed a mortgage thereon to Miss M. C. Strother, to secure a note for $1,314, due on 1st January, 1876, and that on 28th December, 1875, he executed a deed conveying the lands to A. E. Dunlap, W. J. Carpenter and L. Carpenter, three of his children, for the consideration, as recited in the deed, of $1,500, with covenants of warranty. The terms and provisions of this deed are sufficiently stated in the opinion. In the fall of 1876, as further shown by the evidence, the appellant, as administrator of the estate of said decedent, took possession of the cotton raised on the place that year, and shipped it to Dew & Kirksey, factors and commission merchants in the city of Mobile, by whom it was sold and the proceeds paid over to the appellant, who made return thereof in his inventory, as assets of the estate. Afterwards, in January, 1878, the proceeds of this cotton were claimed by the grantees under the deed of December 28th, 1875; and the question was whether the cotton belonged to the decedent's estate, or to said grantees, the solution of which depended mainly upon the construction of said deed. For the purpose of showing that the decedent cultivated said lands during the year 1876, the appellees examined, among other witnesses, J. M. Kirksey, a member of the firm of Dew & Kirksey, who were creditors of said insolvent estate, and offered to prove by him that in the spring and summer of 1876, the firm of Dew & Kirksey bought for, and shipped to the decedent, at his request, certain goods, provisions and supplies for said place. To this testimony the appellant objected, on the ground that Kirksey was an incompetent witness to prove any transaction with the decedent; but the court overruled the objection, allowed the offered proof to be made, and the appellant excepted. The appellant introduced evidence tending to show that, during the year 1876, said lands were cultivated by the grantees in said deed, and the crops grown thereon were raised by them. It was also shown that

[Dunlap, Adm'r, v. Mobley, Adm'r.]

the appellant, as administrator, rented said lands for the years 1877 and 1878, taking notes for the rent; but that the rent for these years was claimed by, and paid to the grantees in said deed. In the settlement the appellant claimed credits for payments made by him to Miss Strother on the debt secured by the mortgage executed to her by the decedent; and the evidence tended to show that such payments were made with the proceeds of the sale of the cotton raised on said lands during the year 1876; but these credits the court refused to allow.

The rulings above noted, to which exceptions were duly reserved, are here assigned as error.

THOS. W. COLEMAN and SNEDECOR, COCKRELL & HEAD, for appellant.

WM. P. WEBB and CLARK & McQUEEN, contra.

STONE, J.—The deed of J. R. Carpenter to three of his children, bearing date December 28th, 1875, was evidently drawn by one unskilled in the law. Its provisions are, in some respects, so inaptly expressed, that we find it difficult to arrive at the grantor's intention with satisfactory conviction. One clause of the deed, considered by itself, indicates that the title was not to pass to the grantees, until they paid to Miss Strother the debt secured to her by mortgage on the lands. That clause is as follows: "Now, this conveyance is made to the parties of the second part, and to their heirs and assigns, absolute and in fee simple, with and on the following conditions, and with the knowledge and understanding of them as follows." Then comes a statement that the lands conveyed were under a mortgage previously executed to a Miss Strother, to secure a debt to her of thirteen hundred and fourteen dollars, and the deed proceeds: "Now, on payment of said note and full satisfaction of this indebtedness made by either the party of the second part, then this conveyance shall be absolute in fee simple, and in full force and effect." Giving to the words "conditions," and "fee simple" their strict legal signification, they tend to show that title was to remain in the grantor, until the debt to Miss Strother was paid. The next clause, however, tends to show that was not the idea the draughtsman had in his mind. Its language is, that "until said note is fully satisfied, the land conveyed to Miss Cora Strother for the purpose of securing the payment of the same, is and shall remain subject to the conditions and purposes mentioned in the conveyance." The clause last copied is stated antithetically to that first copied. The relation of the clauses is well maintained, if we construe their meaning to be, that if the grantees paid the debt to Miss

[Dunlap, Adm'r, v. Mobley, Adm'r.]

Strother, then the condition—state—of the title would, and was intended to be, a fee simple in them. But until the debt was paid, the lands remained subject to her mortgage claim. The relation is not maintained, if we give to tho word "condition" its technical, legal sense. We think the draughtsman of the deed employed the word "conditions" in its generic sense, to denote the predicament, or *status* of the title; its then condition. He did not convey an absolute fee simple; he had none to convey. He owned but an equity of redemption, and he could convey only such title as he owned. The deed, however, containing covenants of warranty, would vest in the grantees a title in fee simple, whenever the incumbrance should be removed by a payment of the mortgage debt.—*Chapman v. Abrahams*, 61 Ala. 108. A later clause in the deed renders this construction satisfactory. It provides that "upon the payment of said note [to Miss Strother] by the party of the *first part*, or by the parties of the second part, all the right, title and interest in and to the above described land shall vest in the parties of the second part," etc. This demonstrates that payment to Miss Strother of her demand *by the grantees* was not made a condition precedent to the vesting of title in them. The deed only mentioned the mortgage, because it was an incumbrance, which prevented the grantor's deed from conveying a fee simple title. This construction harmonizes the entire deed with the granting clause, which is general in its expressions of present bargain and sale.

Kirksey was not a competent witness for the administrator *de bonis non*, to prove a transaction with Carpenter, the decedent. The purpose and effect of his testimony were to increase the sum of the assets, in which he, as a creditor of the insolvent estate, would be entitled to a dividend. True, he was not known as a party on the record. Mobley, however, was only a trustee of a trust fund, of which Kirksey was one of the beneficiaries.—Code of 1876, § 3058; *Tisdale v. Maxwell*, 58 Ala. 40; *McCrary v. Rash*, 60 Ala. 374.

The product of the property conveyed by the deed should not have been charged against the administrator in chief. If he paid part of the mortgage debt to Miss Strother, he did it in his own wrong, and is not entitled to a credit therefor in his settlement. The most he can claim will be to come in as a creditor against the insolvency, if he has put himself in condition to do so.

Reversed and remanded.