ABRAM COFFELT v. THE FIRST NATIONAL BANK OF HOLTON, KANSAS.

ESTOPPEL, *When not.* If the acts or statements of a person are not done or made for the purpose of influencing the conduct of a third party, and such third party has not relied upon the same, or been induced thereby to enter upon a course of action resulting to his injury, no estoppel arises in his behalf.

*Error from Jackson District Court.*

THE First National Bank of Holton, before a justice of the peace, sought to recover against Abram Coffelt, primarily upon a promissory note dated August 26, 1889, for $192. The defendant pleaded *non est factum*, and verified his plea. Thereupon plaintiff, by amendment, declared, first upon the note, and upon a series of 12 notes, all being renewals but the first note, the note sued on being the last of the series of renewals. There was no sworn denial to the bill of particulars as amended. The renewals were all consecutive, and *prima facie* made a chain of obligations, each distinct in itself, but neither the original note, nor any of the renewals, except that of the twelfth or last, were copied or attached to the pleadings. The case before the justice resulted in a judgment for the bank upon the last note. Upon an appeal to the district court, the parties, during the trial, treated the case as if the execution of the note sued on was denied under oath. The trial resulted in a judgment against defendant below upon an alleged balance of $160, upon some intermediate note or renewal. *Coffelt* excepted, and brings the case here.

*I. T. Price,* and *Rafter & Robinson,* for plaintiff in error.
*James H. Lowell,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: It is difficult, from an examination of the record, to determine upon what note or renewal the trial court rendered judgment. It is alleged that there were 12 renewals. The last note, dated August 26, 1889, for $193, is alleged to have been given for the final renewal, and is copied in the bill of particulars; but it is admitted that, in view of the conflicting testimony as to the signature of Coffelt upon that note being a forgery, the jury returned a verdict in favor of the bank upon some prior renewal or obligation. It would seem that the second count or part of the bill of particulars intended merely to recite the steps which led up to the execu-

tion of and the consideration for the note of August 26, 1889, the twelfth renewal, but upon the trial it was considered by the parties as stating a balance due upon the original note of April 19, 1887, for $298.75, evidenced, however by various renewals; but the original note is not copied in the pleadings, nor are any of the renewals copied excepting the last one. As no motion was made to make the bill of particulars more definite or certain, or to compel copies of the renewal notes to be attached or set forth, we suppose we may regard it as sufficient to state an indebtedness other than for the last renewal. If the note really sued upon is a forgery, then the judgment should have been rendered upon the balance due upon the note given for the eleventh renewal, and dated May 29, 1889, for $188.75, if that renewal was not a forgery; but if that renewal was also a forgery, then the recovery, if any, should have been the renewal prior to that one. We refer to this because of the uncertainty of determining upon what note the judgment was rendered.

It is insisted that the trial court erred in admitting in evidence the note purporting to have been the last renewal, because its execution was denied under oath; but this note was only presented for the purpose of proving to the jury its execution by competent testimony.

It is next insisted that the trial court erred in admitting in evidence two chattel mortgages. But there was some evidence showing that Coffelt recognized or ratified these mortgages, and, therefore, if we consider the second count or part of the bill of particulars as stating an existing indebtedness apart from the note of August 26, 1889, or as supporting a consideration for that note, then the chattel mortgages were properly before the jury. They tended to show at least that Coffelt had signed or acknowledged as genuine certain notes given to the bank, and that these mortgages were executed to secure him from loss if he were called upon to pay the same or any part thereof; but the instruction of the court, that if Coffelt made any claim under these mortgages he was estopped to deny his liability to the bank, was erroneous.

It does not appear that any declarations, acts or admissions of Coffelt under these mortgages, or either of them, expressed or implied, were made for the purpose of influencing the conduct of the bank, or that the bank loaned any money or gave any renewals on account of these mortgages, or either of them. If the bank had relied upon these chattel mortgages, or had been induced thereby to enter upon a course of action resulting to its injury, then an estoppel might apply.

· It is urged that Coffelt is estopped by the record. But such an estoppel applies only to the parties and their privies. The bank does not claim any property under chattel mortgages, or under the mortgagor therein named. No property described in either mortgage is in dispute. (*Fire Ins. Co. v. Curran*, 8 Kas. 9; *Palmer v. Meiners*, 17 id. 478; *Lux v. Haggin*, 69 Cal. 255; *Adler v. Pin*, 80 Ala. 351.)

The judgment will be reversed, and the cause remanded.

All the Justices concurring.