[McDonald, Exec. v. Harris.]

# McDonald, Exec. *v.* Harris.

*Action against the Executor of an Estate for the Value of Medical Services rendered Deceased.*

1. *Evidence; competency of parties as affected by interest.*—In an action against the executor of an estate for the value of medical services rendered deceased by plaintiff, the widow of deceased and defendant, who is a son of deceased, are not competent witnesses when called by defendant to prove certain transactions between plaintiff and deceased, and certain statements by deceased. Each of them is a person who has a pecuniary interest in the suit, and comes within the exception provided by statute, (Code, § 1794).—(*Austin v. Bean*, 101 Ala. 133, so far as it holds to the contrary, overruled).

2. *Same; same.*—In an action against the executor of an estate for the value of medical services rendered deceased, the widow of deceased and defendant, who is a son of deceased, are competent witnesses when called by defendant to prove certain declarations of the plaintiff as to the character of deceased's complaint and directions as to his treatment, which were made and given to the witnesses out of the hearing and presence of deceased.

3. *Same; charge.*—In an action against the executor of an estate for the value of medical services rendered deceased by plaintiff, the testimony of the widow of deceased regarding declarations made by plaintiff to her as to a guarantee of the cure of deceased is not admissible to show a contract with deceased; but when properly admitted for another purpose, it will not be limited to that purpose in its effect; and a charge is not improper which directs the jury that they shall find for the defendant, if they believe from the evidence that plaintiff agreed with deceased not to charge him for services unless he effected a cure.

4. *Expert testimony; hypothetical question not supported by the evidence.*—In an action against the executor of an estate for the value of medical services rendered the deceased, it is error to refuse to sustain an objection to a hypothetical question which supposes a detention of a physician for an

[McDonald, Exec. v. Harris.]

hour or more on various visits, when there is no evidence to show that the physician was detained at any time beyond the ordinary period of a visit.

5. *Plea; lack of skill on part of physician.*—In an action against the executor of an estate for the value of medical services rendered deceased by plaintiff, a plea that sets up that the services were not renderd in a skillful and competent manner is subject to demurrer. Such plea would require a verdict for the defendant upon proof that plaintiff did not exercise the highest degree of skill in the treatment of deceased, and that he was not in the highest degree competent in his profession, while the law imposes on a physician the duty of exercising only that degree of skill and competency which physicians ordinarily exercise.

6. *Charge; improper.*—In an action against the executor of an estate for the value of medical services rendered deceased by plaintiff, a charge is bad that affirms that the first count of the complaint only claims for work and labor done and medical services rendered on the 20th day of August, 1898, whereas the count is really for a sum alleged to be due on the 20th day of August, 1898, for work and labor, etc.

7. *Same; not improper.*—In an action against the executor of an estate for the value of medical services rendered deceased by plaintiff, a charge is not improper that directs the jury that for the plaintiff to recover he must show to the reasonable satisfaction of the jury a contract, either express or implied, with deceased to pay plaintiff the reasonable value of his services, irrespective of the result.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This action was instituted by the appellee against appellant as executor of the will of Thomas W. McDonald, deceased, to recover for medical services rendered by the former to the defendant's testator. There were three counts, the first for work and labor done and due on the 20th of August, 1898; the second, on an account; and the third, an account stated.

The defendant pleaded the general issue and the two following special pleas: "2d. For further plea in this behalf the defendant says that this suit is for medical services alleged to have been rendered to Thomas W. McDonald in his lifetime, and that the said work was not done, and the said medical services rendered in a

skillful and competent manner.    3d.    For further an-
swer the defendant says that the plaintiff did not, within
twelve months after the grant of letters to the defendant
as executor of the estate of Thomas McDonald, deceased,
duly file the claim now sued upon in the office of
the judge of probate, in which said letters were granted
to the defendant, or with the executor of said estate,
a sufficient claim or a sufficient statement thereof."

To the second plea the plaintiff demurred upon the
following grounds: 1. Because the facts averred there-
in constitute no defense in bar of said action.    2.    Be-
cause the plaintiff was not required to use the highest
degree of skillfulness and competency, but only such
reasonable and ordinary care, skill and diligence as
physicians ordinarily have and exercise in such cases
in the community where said services were rendered.

To the third plea the plaintiff demurred upon the fol-
lowing grounds:    1. Because said plea is a conclusion
of the pleader, and does not allege wherein said claim or
statement filed in the probate court or with the defend-
ant was insufficient.    2.    Because said claim or state-
ment may have been, from all that appears in said plea,
properly presented to the defendant as executor.    3.
Because the plaintiff is not required to file in the pro-
bate court the claim now sued on.    The demurrers to
these pleas were sustained.

Upon the trial the defendant offered to prove by cer-
tain witnesses who were interested in the estate of the
decedent, transactions between the plaintiff and deceased
and statements made by the latter.    This testimony was
excluded on motion of the plaintiff, to which ruling the
defendant duly excepted.    The defendant also sought
to prove by these witnesses declarations of the plaintiff,
relating to the character of the disease which he had
treated and for which he was seeking a recovery in
this suit and also directions given by the plaintiff in
regard to the same.    These declarations and directions
were not made in the presence of the deceased nor was
he shown to have any knowledge of the same.    They
were material as bearing upon the lack of ordinary
skill on the part of the plaintiff in performing the ser-
vices sued for.    This testimony was also excluded on

motion of the plaintiff, to which ruling defendant duly excepted. The defendant proved by Mrs. McDonald, the widow of deceased, that the plaintiff told her (witness) that "he would guarantee a cure in three months; that he would guarantee to have Mr. McDonald down to his office in three months, and in six months he would be as well as ever, but that in six months he was in his grave." On motion of the plaintiff that part of the above testimony, "that in six months he was in his grave," was excluded, to which ruling the defendant duly excepted.

The testimony for the plaintiff tended to show that he attended the deceased from April until August, 1898, making as many as 63 visits in May, 64 in June, 82 in July, and 68 in August, and that three dollars was a reasonable and customary charge for visits. There were many objections and exceptions to the testimony of plaintiff, but in view of the opinion a detailed statement of them is unnecessary.

The defendant requested the following written charges and separately excepted to the court's refusal to give each of them as asked: "The court charges the jury that the first count of the complaint claims of the defendant 'for work and labor done and medical services rendered for said Thomas W. McDonald, on, to-wit, the 20th day of August, 1898,' and no recovery can be had under this count for anything else." (C.) "The court charges the jury that if they believe from the evidence that the plaintiff agreed with Thomas W. McDonald not to charge him for his services unless he effected a cure, then the jury should find for the defendant." (D.) "The court charges the jury that in order to recover in this case, the plaintiff must reasonably satisfy the jury from the evidence that Thomas W. McDonald agreed with him either expressly or impliedly to pay him the reasonable value of his services irrespective of whether he effected a cure or not, and, if the jury cannot determine from the evidence to their reasonable satisfaction whether the understanding between the plaintiff and Thomas W. McDonald was that the said McDonald would pay for the services whether he was cured or

not, or whether it was that the plaintiff would treat the said Thomas W. McDonald with the understanding that he should be paid for his services if he effected a cure, then the jury must find for defendant."

There was a verdict for the plaintiff for six hundred and seventy dollars ($670), and judgment accordingly, from which the defendant appeals, and assigns as error the various rulings of the court upon the evidence and the refusal to give the charges requested by him.

GREGORY L. & H. T. SMITH, for appellant.— (1.) When a plea alleges facts out of which a duty arises and a negligent performance, it is never necessary to allege the *quo modo.—Ensley Ry. Co. v. Chewning,* 93 Ala. 26 ; *Stanton v. L. & N. R. R. Co.,* 91 Ala. 384 ; *Montgomery's Exrs. v. The A. G. S. R. R. Co.,* 97 Ala. 306 ; *L. & N. R. R. Co. v. Hawkins,* 92 Ala. 243 ; 14 Ency. Pl & Pr., 338.     (2.)   Son of deceased and widow of deceased were competent witnesses to show transactions between the plaintiff and the deceased, at which the witnesses were present, and also transactions had between the plaintiff and witnesses at which deceased was not present.   They did not come within the exceptions in section 1794 of the Code.—*Austin v Bean,* 101 Ala. 147 ; *Miller v. Cameron, & Co.,* 84 Ala. 63, and cases there cited ; *Dismukes v. Talson,* 67 Ala. 386 ; *Wood v. Brewer,* 73 Ala. 259 ; 29 Ency. Law, 720.    (3.)    When a physician undertakes to effect a cure, he is entitled to no compensation unless he accomplishes what he has undertaken.—*Jones v. King,* 81 Ala. 287 ; 8 Am. & Eng. Ency. Law, 441.

L. H. & E. W. FAITH, *contra.*— (1.)    A plea that sets up that services of a physician were not rendered in a skillful and competent manner is subject to demurrer. 14 Ency. Law, 78.    (2.) The executor of an estate who is the son of deceased, and the widow of deceased are not competent witnesses to testify as to transactions between plaintiff and deceased in the presence of themselves and deceased, and as to transactions between themselves and plaintiff not in the presence of deceased.

but concerning course of treatment of the deceased by plaintiff.—Code, § 1794; *Howle v. Edwards*, 97 Ala. 653. (3.) Where a certain act is not done in the presence of deceased, yet is a part of the *res gestae* of a transaction with the deceased, an interested witness is not competent to testify against the objection of the estate. *Dismukes v. Talson*, 67 Ala. 386. (4.) The statute is not subject to such interpretation as given in *Austin v. Bean*, 101 Ala. 147. "The object of all interpretation and construction of statutes is to ascertain the meaning and intention of the legislature to the end that the same may be enforced."—Black on Interpretation of Laws, §§ 24, 25, 26; *Maxwell v. State*, 89 Ala. 161; *U. S. v. Goldenberg*, 168 U. S. 102-3; *Adler v. Pin*, 80 Ala. 353; Acts of 1866-7, p. 435; Code 1867, § 2704; Acts 1874-5, p. 252; Code 1876, § 3058; Code 1886, § 2765; Acts 1890-1, p. 557; Code 1896, § 1794.

McCLELLAN, C. J.—This is an action by Harris against the executor of the estate of Thomas W. McDonald, deceased, for the value of medical services rendered by plaintiff to and for the decedent. The executor, Daniel J. McDonald, is a son of said Thomas W. The defendant sought to prove certain transactions between Harris and Thomas W. McDonald and certain statements by the latter by the testimony of himself, said Daniel J., and of Mrs. Thomas W. McDonald, the widow of the deceased. Of course, the estate of said Thomas W. was directly interested in the result of the suit. Of course, also, Daniel J., being the executor and both he and Mrs. McDonald being heirs of the decedent and distributees of his estate, each of them was a "person having pecuniary interest in the result of the suit," and that interest was opposed to the interest of the plaintiff against whom they were called by the defendant to testify as to such transactions with or statements by the testator. It is palpable that by the very letter of the statute they were incompetent to testify to the transactions and statements in question.—Code, § 1794. And it would be unnecessary to say more in justification of their exclusion by the trial court as

witnesses as to these matters, but for an expression in the opinion of this court in the case of *Austin et al. v. Bean, Executor, et al.*, 101 Ala. 137, 147, where it is said by HEAD, J.: "The exception as to competency mentioned in the statute is for the protection of the estate of the deceased and those claiming under him, and does not contemplate that the adversary of the estate, in a suit or proceeding, may object to the competency of witnesses called by the representatives of the deceased in such suit or proceding to prove transactions with or statements made by him." Where legislative purpose is clearly expressed, as in this statute, there can be no occasion for looking beyond the terms employed for a contemplation on the part of the lawmakers which would exclude from its operation cases plainly within its language. The effect of a statute is to be determined by its own terms when they are clear and unambiguous and within organic competency, and not upon considerations of the wisdom of excluding this or that state of facts from the field of its operation. The proposition quoted above from the opinion in *Austin v. Bean,* is opposed to the statute as it is plainly written; and this is all there is necessary to say. in repudiation of it. But it is also opposed to the *rationale* of the enactment in its application to cases like this one. Under it, the plaintiff's mouth would be closed as to transactions with and statements by the deceased, while those interested in the estate would be free to detail such transactions and statements in violation of the manifest policy of the statute to seal the lips of all parties interested in the result of the suit when the lips of one of them have been sealed in consequence of the death of an original party to the transaction. The court committed no error in excluding the proposed testimony of Daniel J. and Mrs. McDonald as to transactions between Harris and the deceased and statements made by the latter.—*Adler v. Pin et al.,* 80 Ala. 351; *Dunlap v. Mobley,* 71 Ala. 102.

But the defense sought further to prove by the testimony of these witnesses, particularly that of Mrs. McDonald, certain declarations of the plaintiff as to the

character of Mr. McDonald's complaint and directions as to his treatment which were made and given to the witnesses out of the presence and hearing of Mr. McDonald, and which when taken in connection with the evidence in the case were relevant in that they—these declarations and directions—tended to show that the plaintiff was entirely mistaken in his diagnosis of the case and prescribed treatment for the complaint which tended to aggravate rather than to cure or alleviate it; and this under such circumstances as to imply a want of ordinary skill on the part of the plaintiff in his treatment of the patient. In our opinion this proposed testimony should have been received. It involved no "transaction with, or statement by" the testator within the meaning and spirit of the statute. The criterion in this connection is stated and the true rule declared in the opinion of Judge STONE in *Wood v. Brewer & Brewer* (73 Ala. 262), as follows: "What are to be considered transactions with, or statements by deceased persons, under section 3058 of the Code of 1876 is a question which very frequently comes before us. To come within the former class, it must be some act done by the deceased, or in the doing of which he personally participated. To be within the latter class, there must have been a conversation to which he was a party, in which his statements, replies, or presumed admission from silence are sought to be introduced in evidence. In each case, to fall within the prohibited line, the transaction or statement must be of such a character, and so connected with the deceased, as that, if living, the presumption would be he could deny, qualify, or explain it. This is the sense of the rule. The legislature, by it, intended to deny to living suitors the advantage they would otherwise have over the estates of deceased adversaries, if permitted to testify to transactions with, and statements by such adversaries, after death had rendered it impossible that such adversaries could be heard in reply. If the testimony relate to a transaction with another, or fall not within the class supposed to be particularly within the knowledge of the deceased, neither the rule of exclusion, nor the reason of

it applies.—*McCrary v. Rash,* 60 Ala. 374; *Tisdale v. Maxwell,* 58 Ala. 40; *Boykin v. Smith,* 65 Ala. 294; *Killen v. Lide, Ib.* 505." The deceased was not a party to the conversations between the plaintiff and these witnesses in which the declarations and directions were made and given. No statement or reply by him nor presumed admission from silence on his part is sought to be introduced in evidence. There is no room for a presumption that if living he could testify at all in respect of these alleged declarations and directions of the plaintiff. His mouth is not closed as to them by death, but by absence of knowledge on his part as to them. The proposed testimony relates to a transaction or a conversation between the plaintiff and third persons, and is not within the rule. The court erred in excluding it.

Of the character of testimony last considered was that of Mrs. McDonald that plaintiff said to her "he would guarantee a cure in three months; that he would guarantee that he would have Mr. McDonald down to his office in three months, and in six months he would be as well as ever;" but this testimony was admissible only as tending to show a want of ordinary care and skill on the part of the plaintiff when taken in connection with other evidence going to show the incurable nature of the patient's ailment, and not for the purpose of proving a contract with the patient to charge nothing unless a cure was effected, for in the latter aspect it involved a transaction with the dead man as to which the witness was incompetent to testify. Its effect, however, was not so limited, and the evidence being in the case for all purposes, the court would not have erred had it charged the jury as requested by the defendant, "that if they believe from the evidence that the plaintiff agreed with Thomas W. McDonald not to charge him for his services unless he effected a cure, then the jury should find for the defendant."

We find no evidence in the record tending to show that the plaintiff in his attendance upon the testator was at any time detained beyond the ordinary period

of a "visit." The court should therefore have sustained defendant's objection to the question addressed to Dr. Howard as upon a supposed case and which hypothesized among other things a detention of the physician "for an hour or more on various visits."

The second plea would have required a verdict for the defendant upon proof that plaintiff did not exercise the highest degree of skill in the treatment of the deceased, and that he was not in the highest degree competent in his profession, when the law imposes upon him the duty of exercising only that degree of skill and of being only in that degree competent which physicians ordinarily exercise and are. "Physicians, surgeons and dentists, by holding themselves out to the world as such, impliedly contract that they possess the reasonable and ordinary qualifications of their profession, and are under a duty to exercise reasonable and ordinary care, skill and diligence, but that is the extent of their liability. * * * The reasonable and ordinary care, skill and diligence which the law requires of physicians and surgeons is such as physicians and surgeons in the same general neighborhood, in the same general line of practice, ordinarily have and exercise in like cases."—14 Am. & Eng. Encyc. Law, pp. 76, 78.

Charge B. refused to defendant, was bad in that it affirms that the first count of the complaint only claims for work and labor done and medical services rendered *on the 20th day of August, 1898,* whereas the count is really for a sum stated *due on the 20th day of August, 1898,* for work and labor, etc., etc.

What we have said above in connection with charge C will suffice, on another trial, in respect of charge D.

We find no error in any of the other rulings of the court prejudicial to the appellant.

Reversed and remanded.