[Holloway, et al. v. Wilkerson.]

# Holloway, *et al. v.* Wilkerson.

*Bill to Establish Resulting Trust in Land.*

(Decided April 18, 1907.  43 So. Rep. 731.)

1. *Witnesses; Competency; Transactions with Deceased Persons.*— The guardian of a lunatic filing a bill to enforce a resulting trust in favor of the ward alleged to have been purchased by the ward's deceased husband with money belonging to the ward is not competent to testify to conversations had with the deceased husband with respect to his purchasing the property with the money of the ward, since on being thrown in the suit he will be liable for the cost, and if the trust is declared would be entitled to commission for handling the property, thus bringing him within the influence of section 1794, Code 1896.

2. *Trusts; Resulting Trusts; Evidence; Sufficiency.*—Where it appeared that about two and a half years after the wife received a sum of money from her father's estate the husband purchased land taking title in his own name; that before the husband purchased the premeises he went over them and said that his wife wanted him to buy them for her and that he used his wife's money to pay for them; and other witnesses testified that the rents were paid to the wife. It was not shown whether the husband used the money that came to him from his wife's father's estate for his own purposes or whether he kept it intact and purchased the premises with it. Held, insufficient to establish a resulting trust in favor of the wife.

APPEAL from Coosa Chancery Court.

Heard before the Hon. W. W. WHITESIDE.

Bill by Lee Wilkerson by her guardian against Malinda Holloway and others to enforce a resulting trust in land. From a decree for complainant respondents appeal. Reversed and rendered.

LACKEY & BRIDGES, for appellant.—Long acquiescence disables the cestui que trust from coming into a

court of equity to avoid a sale or to assert a trust.—
*James v. James,* 55 Ala. 523; *Greenlees v. Greenlees,*
62 Ala. 330; 2 Storey's Eq. sec. 1520. The onus is on
the party seeking to establish the trust to overcome the
presumtion from the recitals of the deed and to prove
the trust by full, clear and satisfactory testimony.—
*Bibb v. Hunter,* 7 Ala. 359; *Lehman v. Lewis,* 62 Ala.
129. The guardian was not competent to testify so as
to charge the estate of decedent because a party at in-
terest: 1. Because liable for the costs.—*Savage v.
Dickerson,* 16 Ala. 259. 2. Because he has the manage-
ment and control of the property and receives commis-
sions therefor.—Sec. 1794, Code 1896; *Dunlap v. Mob-
ley,* 71 Ala. 102; *McCrary v. Rash,* 60 Ala. 374; *Walker
v. Walker,* 34 Ala. 469.

FELIX L. SMITH, for appellee.—Under the law in
force at the time of the transaction the husband was
trustee for his wife.—Sec. 2706, Code 1876; *Nettles v.
Nettles,* 67 Ala. 599; *Sawyer v. Baker,* 77 Ala. 466;
*Haney v. Legg,* 129 Ala. 629. The relation of the par-
ties may be considered in determining whether the delay
to assert the title is unreasonable.—*Ryder v. Ennich,*
104 Ill. 470.

SIMPSON, J.—This was a bill filed in the chancery
court, by the appellee, (complainant), a lunatic, by her
guardian, against appellants, who are administrators
of the estate of J. B. Wilkerson, complainant's deceased
husband; one of said defendants, Malinda Holloway,
being also his only heir. The bill is for the purpose of
having a resulting trust declared in favor of complain-
ant in certain lands which, it is alleged, were bought
by said J. B. Wilkerson, on the 14th day of November,
1874 with moneys belonging to complainant. The pur-
chase price of the lands was $1,000. The record of the
final settlement of the estate of complainant's father,
James M. Lauderdale, shows that the said settlement
was made on the 9th of April, 1872, and according to
the interpretation of the complainant she received at
that time $661.73, in addition to $973.90 which had been

advanced to her by the administrator before that time; while the respondent interprets the record to mean that $661.73 was her entire distributive share, and that against it the administrator held the $973.90 previously advanced, so that she was really indebted to the estate. However that may be, whatever money was received by her, is thus shown to have been received at and anterior to a period of two years and seven months before the land in question was purchased by said husband of complainant. There is no proof as to whether the husband had ever used the money, or kept it intact during that period, and the only proof that said money was used in the purchase of the land in question is that J. S. Lauderdale, who is the guardian of complainant, and as such filed the bill in this case, testifies that complainant received about $1,000 from her father's estate, on settlement, with other smaller amounts from other sources; that he went over the land with J. B. Wilkerson, the husband, before he purchased it, and said Wilkerson said "his wife wanted him to buy it for her, he did buy it, and he said he used his wife's money to pay for it;" and that said Wilkerson frequently spoke of the land as his wife's land, and the rents were paid to her. Several other witnesses testified to the fact that the rents of this land were paid to complainant; but neither testifies as to what money paid for the land. The respondents offered some testimony tending to show that the land was paid for with other funds.

The defendants objected to the testimony of J. S. Lauderdale, and moved to exclude the same, on the ground that said witness was not competent to testify as to any transaction with or statement by J. B. Wilkerson, who is now dead, and whose estate is interested in the result of this suit. As said Lauderdale is guardian, and as such a party to this suit, liable for costs, and would also be entitled to commissions in the management of said property for the use of his ward if the trust should be declared, the objection to his testimony was properly made, and should have been sustained.—Code 1896, § 1794; *Adler v. Pinn, et al.*, 80 Ala. 351.

But, aside from this, the evidence offered does not reach the point of being so "clear, full, satisfactory, and convincing" as the law demands, in order to set aside the presumption arising from the terms of the conveyance, and to fasten a resulting trust on the land.—*Lehman et al. v. Lewis,* 62 Ala. 129, 133, 134; *Parker et al. v. Jones' Adm'r et al.,* 67 Ala. 235; *McCall v. Rogers* 77 Ala. 349, 352; *Bibb v. Hunter,* 79 Ala. 352, 359; *Burke v. Andrews,* 91 Ala. 360, 361, 8 South. 369.

The decree of the court is reversed, and a decree will be here rendered, dismissing complainant's bill.

Reversed and rendered.

TYSON, C. J., and HARALSON and DENSON, JJ., Concur.