42   197
104   229

## O'NEAL vs. REYNOLDS.

[APPLICATION FOR PROBATE OF A WILL.]

1. *Probate of a will ; widow not a party to the proceeding, a competent witness.*—In a proceeding for the probate of a will, between the proponent and the contestants, the widow not being a party thereto, she is not within the exception contained in § 2704 Rev. Code, that where an executor or administrator is a party to a suit, neither party shall testify against the other, as to any transaction with or statement by the testator, or intestate, and she is a competent witness.

2. *How far* § 2704 *R. C., affects competency of a witness.*—The effect of the exception to the general rule prescribed by the section above referred to, is not to render a witness incompetent generally, but incompetent only to testify, upon certain specified subjects.

APPEAL from the Probate Court of Montgomery.

In the matter of the probate of the will of William Mc-Millen, deceased, Thomas B. O'Neal, proponent, and Mary Reynolds and her husband, James M. Reynolds, contestants. On the 28th day of June, 1867, said O'Neal appeared before the probate court of Montgomery, and produced a paper purporting to be the last will and testament of said William McMillen, deceased, late of said county, and moved the court to admit the said will to probate, and to issue letters testamentary, on the estate of said deceased, to him as executor. An order was duly made requiring all parties in interest, to appear and contest said application, if they thought proper to do so. The said Mary Reynolds, who was a daughter of the deceased, and James M. Reynolds, appeared and contested said application. The parties having waived a trial by jury, the court gave judgment for the contestants.

On the trial, as the bill of exceptions states, "the proponent then offered to introduce as a witness, the widow of the said William McMillen, to testify in reference to the said paper, (a paper purporting to have been executed by said testator as his will,) which was witnessed by said Bel-

linger; the contestants objected to the competency of said witness; the court sustained the objection, and refused to allow said witness to testify, and proponent excepted." He appealed to this court, and assigned as error the refusal of the court to allow said witness to testify.

STONE, CLOPTON & CLANTON, for appellant.

WATTS & TROY, *contra*.

A. J. WALKER, C. J.—Section 2704, (2302, *a*,) Revised Code, effects an abolition of incompetency to testify, because the proposed witness is a party or interested, subject to an exception. That exception is, that where an executor or administrator is a party, neither party shall testify against the other as to any transaction with, or statement by, the testator or intestate, unless called to testify thereto by the opposite party. The exception only includes parties. The only parties to this proceeding are the proponent and contestants. The widow was therefore not within the exception, and was a competent witness. In the case of *Leslie v. Sims*, 39 Ala. 161, the question arose, whether one who was next of kin of the deceased and a legatee under the will, was a party to a contest of the probate of a will, and therefore incompetent without regard to his interest. This court decided, that he was not a party, and that the rule, which excludes parties from testifying, did not apply to him. This decision was made before the act embraced in section 2704, (2302, *a*,) of the Revised Code was adopted, but it settles a principle which controls the question in hand. The widow of the deceased not being a party, was not within the exception to the general rule abolishing the common law doctrine, that interest and the relation of a party to the suit were grounds of disqualification to testify; and she was therefore a competent witness.

Notwithstanding the foregoing conclusion leads us to a reversal of the decree of the court below, it is expedient for us to notice another objection to the ruling of the court, lest our failure to pass on it should be misunderstood. The effect of the exception to the general rule prescribed by the section above referred to, is not to render a witness incom-

petent generally, but incompetent only to testify upon certain specified subjects. The court should therefore not have excluded the witness, even if she had been a party, but should have restricted her examination to subjects other than those specified in the exception.

The testimony may not be the same on another trial, and it is unnecessary for us to review the decision of the probate judge on the evidence before him.

Reversed and remanded.