[Alabama Gold Life Insurance Co. v. Sledge et al.]

# Alabama Gold Life Insurance Company *v.* Sledge *et al.*

### Bill in Equity to foreclose Mortgage.

1. *Witness; who incompetent.*—A party to a suit is not an incompetent witness, unless the case involves a direct immediate conflict between the rights of the living and those of the estate of a deceased person ; and then he is only incompetent to testify as to transactions with and statements by the deceased. And the burden of showing his incompetency rests on the person objecting to his evidence.

2. *Evidence; what admissible.*—A party may testify as to transactions had with a partnership, of which one of the members has since died, although the personal representative and heirs of such deceased partner are parties to the suit; it not appearing the transaction was with the deceased partner.

3. *Payment; who must prove.*—It devolves on a party pleading payment of a prior encumbrance in support of his right to a foreclosure of his junior encumbrance, to prove that such payment has been made.

4. *Payments; rule as to application of.*—While a factor, making advances and receiving payments from time to time, can claim the balance only as an existing debt, and payments are applied by him to the debts in the order of time in which they accrue, the rule is not inflexible ; and if a different application of payments is shown, or is to be inferred from the course of dealing between the parties, then the rule does not apply.

APPEAL from Lee Chancery Court.

Heard before Hon. N. S. GRAHAM.

The appellant, the Alabama Gold Life Insurance Company, filed this bill, and sought to foreclose a mortgage on certain real estate in the city of Opelika. The bill averred that the appellees, Sarah J. Sledge, Jas. C. Sledge and Jas. J. Smith, had executed to Swift, Murphy & Co. a mortgage on the same property embraced in the mortgage given the complainant, by the above named parties, and Mittie A. Sledge and Lizzie Smith. It is then averred that the mortgage to Swift, Murphy & Co. had been fully paid and discharged by the shipment of cotton to them by Sledge & Smith, a firm composed of James C. Sledge and James J. Smith, as agreed to by the parties to the mortgage ; that notwithstanding the payment and satisfaction of this mortgage, Swift, Murphy & Co. had sold the property under a power of sale in their mortgage, and at such sale Charles J. Swift became the purchaser. The prayer of the bill is that the mortgage of Swift, Murphy & Co. be declared paid and satisfied, and that a foreclosure of the mortgage to appellants be decreed. Decrees *pro confesso* were rendered against all the defendants, except the senior mortgagees and the purchasers at the sale under it.

The mortgage to Swift, Murphy & Co. was given to secure a note made by Sarah J. Sledge, James C. Sledge and James J. Smith, for the sum of two thousand dollars, which recited that "the above amount may be discharged by conveying to the said Swift, Murphy & Co., at Columbus, Ga., one thousand bales of cotton, on or before the first day of December next, upon which they are to receive the usual commissions, storage," &c. This note bears date Sept. 26, 1871. The mortgage to appellant was dated March 19, 1872. The answers of Swift, Murphy & Co., and Charles J. Swift, deny the payment of the mortgage to Swift, Murphy & Co. at any time, and aver the validity and fairness of the sale and of the purchase of Charles J. Swift. While the bill was pending, James C. Sledge died, and a revivor was had in the name of his personal representative and heirs. After his death, the defendants, Swift, Murphy & Co., and Charles J. Swift, filed interrogatories to the individual members of the firm, in relation to transactions between that firm and Sledge and Smith. The complainant objected to their competency, "under § 2704, and the acts of the General Assembly of Alabama amendatory thereof," on the ground that James C. Sledge, one of the defendants, is dead, and his administrator is a party to this suit, and although in the bill said administrator and Swift, Murphy & Co. are co-defendants, yet the pleadings in the cause show that their interests are not identical, but adverse to each other. Complainant objects to any and all statements by the said witness of or concerning any statements by or transactions with the said James C. Sledge, in any manner whatever, he being now dead." The interrogatories called for testimony of transactions with the firm of Sledge & Smith, in relation to the note and mortgage made to Swift, Murphy & Co. The witnesses testified that the note had not been paid in any manner; that the firm of Sledge & Smith had made various shipments of cotton to Swift, Murphy & Co. during the years 1871, '72 and '73, which were sold on their account and the proceeds remitted to them; that none of this cotton was shipped on or before December 1st, 1871, or at any time thereafter, in payment or discharge of said note, and that after the note fell due, Swift, Murphy & Co., refused to receive cotton in discharge of the same, as the contract had not been complied with; that Swift, Murphy & Co. had included the note in the accounts rendered Sledge & Smith, but that the latter firm had refused to allow it, and insisted on a settlement, without considering it an item of their account. James J. Smith testified that the note had been paid by shipments of cotton, and his was all the testimony for the complainant, tending to show payment of

note to Swift, Murphy & Co. The Chancellor overruled the objections to the testimony of the witnesses for the defendants, and on the final hearing, dismissed the bill, from which decree this appeal is prosecuted.

W. H. BARNES & SON, and J. H. SWEARENGEN, for appellant. A junior mortgagee is entitled to succeed to all the equities of the mortgagor, and is entitled, on filing a bill to foreclose, to make proof of all payments made by the mortgagor, and have the benefit of them.—59 Barb. 239; 2 Hill, 522; 40 N. Y. 476; 8 Paige, 639; 50 Barb. 344; 11 Wend. 329; 9 Cowen, 233; 4 Ala, 452; *ib.* 477.

One who purchases under a power, the debt being void or paid, takes no title.—2 Hill, 566; 15 John. 443; 18 John. 441; 5 Hill, 272.

The note was included in the accounts between Sledge & Smith and Swift, Murphy & Co., and was more than paid by the shipment of cotton to them.—See, as to rule of payment in such case, 27 Ala, 445; 9 Cowen, 436; 5 Taunt. 596; 14 East, 239.

The evidence of witnesses, Murphy and Smith, should not have been admitted; they were testifying as to transactions with James C. Sledge, who was dead, and his estate was interested in the result of the suit.

F. M. WOOD, and J. M. RUSSELL, *contra.*—The evidence called for by the interrogatories to the witnesses, Swift and Murphy, does not relate to any transaction with James C. Sledge. They call for evidences as to dealings with a firm of which he is a member, and there is no law for their exclusion.

The evidence clearly shows that the note to Swift, Murphy & Co. was never paid. Whenever Sledge and Smith had funds to their credit, they were always drawn out, and not allowed to be applied to their payment. Sledge and Smith had the right to direct the application of the payment to any debt they saw proper; and if they chose to apply them otherwise than to the payment of that note, it was their privilege to do so. They never shipped cotton with directions to apply it to the payment of the note. It will be observed that one pleading payment, must prove it.

BRICKELL, C. J.—The original statute removing the common law disability of parties as witnesses, contained an exception of suits or proceedings by or against an executor or administrator, in which neither party, unless called by his adversary, was allowed to testify as to any statement by, or

transaction with, the testator or intestate. The present exception is much more comprehensive in its terms, and refers rather to the *objects of* than to the *parties* to the suit. If the estate, to use the language of the statute, of a deceased person, is interested in the result of the suit, then neither party can testify as to transactions with, or statements by, such person. The reason and purpose of each exception, is the exclusion of the living from testifying against the dead, who cannot be heard in explanation, or in contradiction. A case cannot arise for the application of the present exception, unless it involves a direct, immediate conflict of interest between the dead and the living. It is only when such conflict exists, that it can be said the estate of the deceased person is interested in the result of the suit.—1 Whart. Ev. § 470. And then, the evidence must be of the character expressed in the exception—*it must be of transactions with, or statements by, the deceased.* Any party may testify to any material fact, if it does not fall within this species of evidence.—*O'Neal v. Reynolds,* 42 Ala. 197; *Thomas v. Thomas, ib.* 120.

The purpose of the present suit, is the vacation of a sale made by prior mortgagees, on the ground that the mortgage debt had been paid, and the foreclosure of the junior mortgage to the appellant. The mortgagors, the senior mortgagees, and the purchaser from them, are defendants to the bill, and the real controversy was between the purchaser and the senior mortgagees on the one hand, and the appellant on the other. The mortgagors did not engage in the litigation, but submitted to decrees *pro confesso.* If the exception can be said to embrace a suit of this character, it will restore, as to deceased persons, the common law rule of excluding witnesses, for or against whom the judgment would be evidence in another suit. An interest in the judgment or decree as evidence, is not the interest in the result of the suit, which authorizes the exclusion of a party as a witness. The result of the suit must diminish or enlarge the estate of the deceased person, before the disqualifying interest can be said to exist.

Nor does the evidence to which objection is made, consist of transactions with, or statements by, the deceased mortgagor and contractor. No statement made by him, no transaction in which he was the immediate, active agent, was proved. Transactions with a partnership of which he was a member, were shown, but for aught that appears, the surviving partner was the active agent in all these transactions, and fully capable of explaining, or giving contradictory evidence in reference to them. At common law the presumption was of the competency of witnesses, and the burthen of

showing incompetency rested on the party objecting.—*Densler v. Edwards*, 5 Ala. 31. The same presumption now attaches as to a party, and he cannot be excluded, unless it is shown that he falls within the exception of the statute. We concur with the Chancellor, that the evidence of Swift and Murphy was admissible.

The *gravamen* of the bill is that the debt secured by the senior mortgage, had been paid before the mortgagees made the sale which it is prayed shall be vacated. The case as now presented, does not require us to consider whether, if this be true, it affects the title of the purchaser, or whether the bill, in any aspect, contains equity. These are questions which do not seem to have been discussed before, or passed upon by the Chancellor. The controversy seems to have resolved itself into one of *fact*—the prior payment of the mortgage debt. The burden of proving payment devolves on the party pleading it.—2 Green. Ev. 516. After an examination of the evidence, we have reached the conclusion attained by the Chancellor, that the payment of the debt is not proved. The general rule which is insisted on by the appellant, is conceded. A factor or commission merchant, from time to time making advances, receiving payments, and blending debits and credits together, in a common account, can claim the balance only as an existing debt, and the parts of the account have no longer a separate existence. The credits are by him applied to the debts in the order of time in which they accrue. The rule is not inflexible, and if a different application of the payments is expressly shown, or is to be inferred from the course of dealing between the parties, then the rule does not apply.—*Harrison v. Johnston*, 27 Ala. 445. A different application is expressly shown in this case. Whenever there was a fund to the credit of the mortgagors, which could have been applied to the mortgage debt, it was drawn by them from the mortgagees and applied to their own uses. The mortgage debt may have entered into the accounts rendered the mortgagors, but no credit to which they were entitled, was applied to its payment.

The decree is affirmed.