# Calera Land Co. *v.* Brinkerhoff.

*Action for Trespass to Realty.*

1. *Competency of party to testify to handwriting of subscribing witness to deed.*—A party to the suit, who is the grantee in a deed which he offers in evidence, may testify to the handwriting of the subscribing witness (Code, § 2765), on making satisfactory proof as to his failure to produce the witness himself.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. LEROY F. BOX.

This action was brought by W. E. Brinkerhoff, against the Calera Land Company, a private corporation, and Arthur Adams, its agent as alleged; was commenced on the 5th March, 1887, and sought to recover damages for an alleged trespass on land. The defendants pleaded the general issue, and several special pleas, on which issue was joined. "On the trial," as the bill of exceptions states, "the plaintiff offered in evidence a quit-claim deed for the premises, from David Adams to himself; which deed not having been registered, the court held that it must be proved by the subscribing witness thereto, O. W. Buck. The plaintiff was then called as a witness in his own behalf, and the absence of said subscribing witness was accounted for by him; and the plaintiff himself was then offered as a witness to prove the handwriting of the subscribing witness to said deed. The defendants objected to the plaintiff's thus testifying, on the ground that he was a party to the suit." The court overruled the objection, and allowed plaintiff to testify as proposed; to which ruling the defendants excepted, and they now assign it as error.

W. R. OLIVER, for appellants.

TROY, TOMPKINS & LONDON, *contra.*

[Kyle v. Perdue.]

McCLELLAN, J.—The only question presented by this record goes to the competency of a party to prove the handwriting of an attesting witness to a deed, the failure to introduce the latter being properly accounted for. We entertain no doubt of the correctness of the action of the court below in allowing the plaintiff to testify to the handwriting of the absent attesting witness. Section 2765 of the Code removes all objection to the competency of witnesses predicated on interest, or the fact of their being parties to the record, with certain exceptions, within which the testimony involved here clearly does not fall; and a party may testify to any material, relevant fact not falling within these exceptions.—*Davis v. Tarver*, 68 Ala. 98; *Gold Life Ins. Co. v. Sledge*, 62 Ala. 566; *O'Neal v. Reynolds*, 42 Ala. 197.

This is not the question of the competency of an attesting witness to a deed in his favor, and is not within the decision in *Coleman v. State*, where it was essential to produce or account for the absence of the subscribing witnesses, before other evidence of execution could be received, and it appeared that the donee and two others had attested the execution of the instrument. The absence of the other attesting witnesses was not accounted for, but it was proposed to satisfy the rule requiring at least one of such witnesses to be introduced, or sufficient reason shown for a failure to do so, by offering the grantee; and the exclusion of this witness was held proper, not because he was incompetent to testify to any fact at issue in the cause, but on the ground that he was incapacitated to be an attesting witness, and his introduction as such did not fulfill the requirements of the rule.—*Coleman v. State,* 79 Ala. 50.

Affirmed.