# Pierce v. The State.

### Indictment for Larceny.

1. *When State may prove that a person is wife of defendant.*—If a defendant is charged with the larceny of a bale of cotton, and it is made to appear on his trial that he took the ginnery re-ceipt for the cotton in the name of a person not the owner, and the owner had directed him to take the receipt in his name, it is competent for the State to show to the jury that that person is the wife of the defendant, and this as original incriminatory evidence, going to prove the felonious intent, as also one of the circumstances attending the transaction.

2. *Error beneficial to the defendant; effect of.*—If the trial court commits an error which is beneficial to the defendant, he can take nothing by it.

3. *When the inquiry is one for the court as to whether a man and woman are married.*—In its relation to the competency of a woman as a witness in a criminal case ror the defendant, the inquiry whether she is his wife is a preliminary one wholly for the consideration and determination of the trial judge.

4. *Evidence; what proper on cross-examination of one denying she is wife of defendant.*—If a woman who calls herself "Mary Smith" is introduced as a witness for the defendant in a criminal case whose name is Pierce, and denies that she is the wife of the defenoant, it is competent for the State on cross-examination of her to show that she recognized "Mary Pierce" as her name, and had in that name signed certain cot-ton receipts, and to put in evidence in this connection the cotton receipts so signed by her. And this evidence is not

[Pierce v. The State.]

only proper to go to the judge on the issue of fact as to whether she is the defendant's wife, having reference to her competency as a witness in behalf of the defendant, but it is also proper to go to the jury on the question of criminality in connection with her testimony that she was not defendant's wife—which testimony went to the jury at the instance of the defendant, the State not objecting.

5. An abstract charge is properly refused.

APPEAL from Montgomery City Court.

Tried before Hon. A. D. SAYRE.

George Pierce was convicted of larceny for stealing a bale of cotton, the property of J. W. Abercrombie. The evidence for the State tended to show that the defendant was the hired man of Abercrombie and had control of his farm. That certain cotton to the amount of two bales which had been put in a cotton house was taken possession of by Abercrombie and he directed the defendant to have it ginned and packed at a certain ginnery, and to bring the ginnery receipts to him. That the defendant took the receipt of one bale of the cotton in the name of Abercrombie and of another bale in the name of Mary Smith, whom he called his wife, and to whom he said that bale belonged. That Mary Smith lived with the defendant and was known as his wife. The defendant and Mary Smith as witnesses denied that they were or had ever been husband and wife. The other facts necessary to be known are stated in the opinion.

HILL & HILL, for appellant, cited, Thompson on Trials, sections 364, 1024; *Hudson v. Crow*, 26 Ala. 515; *Tucker v. State*, 71 Ala. 342; *Penny v. State*, 88 Ala. 105.

CHAS. G. BROWN, Attorney-General, for the State, cited *Planters* N *Merchants Ins. Co. v. Tunstall*, 72 Ala. 150; Bishop New Crim. Law, § § 813, 828 *et seq.*

McCLELLAN, C. J.—It having been made to appear that the defendant took the ginnery receipt for the bale of cotton alleged to have been stolen by him in the name of Mary Smith instead of taking it in the name of Abercrombie, the owner, as he had been directed to take it, it was entirely competent for the State to show to the jury that Mary Smith was in fact the wife of the defendant,

and this as original incriminatory evidence, going to prove the felonious intent, and as also one of the circumstances attending the transaction. If the trial court, therefore, was at fault at all in respect of the testimony offered by the State tending to establish the marital relation between the defendant and the woman sometimes called Mary Smith, the fault lay in confining the effect of that testimony to the inquiry on that point as prosecuted by the judge with a view to determining whether the woman was a competent witness in the case for the defendant; and this error being of benefit to the defendant, he can take nothing by it.

In its relation to the competency of the woman "Mary Smith" alias Mary Pierce to testify as a witness for the defendant, the inquiry whether she was his wife was a preliminary one wholly for the consideration and determination of the trial judge; and it was determined by him adversely to her competency. Without undertaking to repeat or lay down here the rule for revising such action, we content ourselves with saying that upon any possible rule in that connection the evidence adduced fully supports the conclusion reached by the court that the woman was the wife of the defendant.

The defendant having introduced the woman "Mary Smith" as a witness and drawn out from her that "she was not his wife and had never been but that she was sometimes called 'Mary Pierce,'" it was competent for the State on cross-examination of her to show that she recognized the latter as her name and had in that name signed certain cotton receipts, and to put in evidence in this connection the cotton receipts so signed by her. And this evidence was not only proper to go to the judge on the issue of fact as to whether she was the defendant's wife having reference to the competency of the woman as a witness in behalf of the defendant, but it was also proper to go to the jury on the question of criminality in connection with her testimony—which did go to the jury, at defendant's instance and without objection on the part of the State—that she was not the defendant's wife.

The charge asked by the defendant submitted to the jury the inquiry whether the defendant was in possession of the cotton as agent or bailee of Abercrombie. There was no evidence upon which this inquiry could have been properly submitted to the jury. To the contrary the evi-

dence was full and without conflict or adverse inference to the effect that the defendant was in no sense an agent or bailee, and had no possession of the property distinct from the possession of the owner, but was only the servant of the owner and as such had the mere custody of the cotton for the purpose of hauling it from the cotton house to the ginnery. The charge was abstract and properly refused.—*Oxford v. State,* 33 Ala. 416; *Crocheron v. State,* 86 Ala. 64; *Washington v. State,* 106 Ala. 58; *Holbrook v. State,* 107 Ala. 154.

There is no error in the record, and the judgment must be affirmed.