(82 South. 428)

SCREWS et al. v. WALL et al.   (6 Div. 918.)

(Supreme Court of Alabama.   June 5, 1919.
Rehearing Denied June 30, 1919.)

1. QUIETING TITLE ⚙=12(6)—NECESSITY OF
   POSSESSION—REVERSIONARY INTEREST.

   Heirs of surviving wife, having reversionary
interest in wife's real estate subject to surviv-
ing husband's life estate, may file bill to re-
move cloud from their title in reversion, though
not in possession of land, since husband's life
estate precludes their possession of land.

2. ALTERATION OF INSTRUMENT ⚙=29—MUTI-
   LATION—ERASING OF GRANTEE'S NAME—
   SUFFICIENCY OF EVIDENCE.

   In action by deceased wife's heirs to quiet
title to their reversionary interest in wife's
land, evidence *held* to show that wife was
named, together with husband, as grantee in
deed, and that deed was mutilated and her name
erased therefrom prior to its recordation.

Appeal from Circuit Court, Blount Coun-
ty; Woodson J. Martin, Judge.

Bill by John W. Wall and others against
H. R. Screws and others. Decree for com-
plainants, and respondents appeal. Af-
firmed.

Complainants, brothers and sisters and
next of kin of Sallie Screws, deceased, filed
this bill against appellants H. R. Screws
and J. C. Reid, seeking to remove a cloud
upon their title.

The bill, in substance, charges that, at the
time of the death of Sallie Screws, she own-
ed in fee simple an undivided one-half in-
terest in a certain 40 acres of land, together
with her husband, H. R. Screws, and that
upon her death the said H. R. Screws was
entitled to a life estate in said one-half in-
terest and the reversionary vested in these
complainants. Sallie Screws acquired title
to the one-half interest by virtue of a deed
executed by H. P. Wall and wife, Stella
Wall, conveying said 40 acres of land to H.
R. Screws and Sallie Screws jointly, and
that Sallie Screws died owning said undi-
vided one-half interest; that said deed was
executed and delivered to H. R.. Screws, and
that after the death of said Sallie Screws,
the said H. R. Screws, or some one at his in-
stance and request, altered said deed so as
to erase from the same the name of Sallie
Screws as a grantee, and that after such
erasure it was recorded, and, as recorded,
discloses only a title in the said H. R.
Screws; that after the recordation of said
deed H. R. Screws sold said land to re-
spondent J. C. Reid, who purchased with
knowledge of the mutilation of said deed,
and with knowledge that complainants
claimed an interest in the land. It is pray-
ed that the court decree that said H. R.
Screws had only a life estate in said one-
half interest of Sallie Screws, and that it be

entered on the margin of the record of the
deed that said Sallie Screws owned an un-
divided one-half interest in said land, and
that it also be entered on the margin of the
record of the deed from H. R. Screws to J.
C. Reid the fact that said undivided one-
half interest of Sallie Screws was not con-
veyed by said deed of H. R. Screws.

There was a demurrer to the bill for want
of equity. The bill was answered by re-
spondents H. R. Screws and J. C. Reid deny-
ing any mutilation of said deed, and insist-
ing that the deed was made to H. R. Screws
only, and that the land was bought and paid
for with his money.

Numerous witnesses were examined by
the respective parties. The complainants'
testimony went to show that at the time of
the execution and delivery of the deed it
was made to H. R. Screws and Sallie Screws
jointly. The testimony of John W. Wall,
who took the acknowledgments to the deed,
and H. P. Wall, the grantor, was to the effect
that the transaction was had with H. R.
Screws, and that Sallie Screws was named
as grantee in the deed at the request of H.
R. Screws; said Sallie Screws not being
present at the time of the execution and de-
livery of said deed. This testimony was ob-
jected to upon the ground that these two
witnesses were parties to the suit, and that
Sallie Screws was deceased, and therefore,
under section 4007 of the Code of 1907, they
were incompetent to testify. The court rul-
ed that such testimony was competent. Stel-
la Wall, the wife of the grantor, testified to
like effect, and the testimony of witness
Vaughan, and other witnesses offered by the
complainants, tended to support the allega-
tions of complainants' bill. There was also
evidence tending to show that respondent
Reid had notice of the claims of these com-
plainants as to their interest in this land at
the time of his purchase. Respondent H. R.
Screws insisted that the deed was made to
him individually, and that no mutilation
thereof had been made, but that the deed
was lost.

The chancellor rendered a decree granting
relief as prayed, and from this decree re-
spondents prosecute this appeal.

Russell & Johnson and James Kay, all of
Oneonta, for appellants.
Calhoun & Sons, of Oneonta, for appellees.

GARDNER, J. [1] The complainants own-
ed only a reversionary interest in the real
estate here in controversy, and the out-
standing life estate is an obstacle or impedi-
ment in the way of the assertion by com-
plainants of their legal rights, and there-
fore—although out of possession—they have
a right to maintain this bill to remove the
cloud from their title in reversion. It is
quite clear that the bill has equity, and the

---

⚙=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

demurrer was properly overruled. Fies v. Rosser, 162 Ala. 504, 50 South. 287, Mitchell v. Baldwin, 154 Ala. 346, 45 South. 715.

[2] It is insisted by appellees, and was so ruled in the court below, that the witnesses John W. Wall and H. P. Wall, although parties to the suit, were not incompetent to testify under the circumstances outlined in the foregoing statement of the case, under section 4007 of the Code of 1907. Wood v. Brewer, 73 Ala. 259; Miller v. Cannon, 84 Ala. 59, 4 South. 204. While appellants insist that, under the authority of Blount v. Blount, 158 Ala. 242, 48 South. 581, 21 L. R. A. (N. S.) 755, 17 Ann. Cas. 392, McDonald v. Harris, 131 Ala. 359, 31 South. 548, Napier v. Elliott, 152 Ala. 248, 44 South. 552, and other authorities, such witnesses were incompetent to testify. We pass the question by as being unnecessary to be here determined, as other witnesses—the admissibility of whose testimony is not questioned—testified to like effect, and this evidence was strongly corroborated, and to our minds sufficiently convincing. After a careful consideration of this evidence (placing aside, for the moment, that here attacked), we are persuaded the complainants have made out a case entitling them to the relief sought. We do not consider a discussion of the evidence necessary. It has been most carefully considered, and we are persuaded that the court below reached the correct conclusion, and that his decree should be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.