DREW, Justice.
Appellee, plaintiff below, brought suit to quiet his title to real estate, claiming a certain deed of record was a forgery and void.
At the trial over objection, appellee was allowed to testify that he did not execute the questioned deed.
The Chancellor held the deed a forgery and ordered its cancellation. From that final decree appellant, defendant below, brings this appeal.
The sole question here presented for determination is whether Section 90.05, F.S. 1951, F.S.A., commonly known as the Dead Man’s Statute, precludes the putative grant- or in a deed, the named grantee of which is deceased, from testifying that he did not execute the deed.
The Supreme Court of Alabama passed upon the very same type of question under similar circumstances and a statute the pertinent portions of which were similar to that of the instant case. Blount v. Blount, 158 Ala. 242, 48 So. 581, 582, 21 L.R.A., N.S., 755. In there reversing a judgment for defendant for failure to allow such testimony, the Court said:
“ * * * A transaction between two parties necessarily implies action, consent, knowledge, or acquiescence on th,e part of both. Hence, if a grant- or never in truth and in fact executed or attempted to execute an alleged deed to a given grantee, he is not and cannot be a party to the transaction, which on its face purports to be the execution by him of a deed to the named grantee.
K *
“We are not now writing as to the probative force of such proof of execution, filing, and recording of the deed, but as to the conclusiveness of such matters to show a transaction between the grantor and grantee. We hold that the grantor in such document, no matter what its nature, character, or recitals, is not precluded, by such proof, such filing, and such recording, from showing that his alleged signature thereto and his acknowledgment thereto are forgeries and frauds, perpetrated without his knowledge or consent. If this be not true, one man can acquire, for his estate after his death, all the property of another, without the knowledge or consent of such other, and yet do it by due process of law. We say the law is not, and ought not to be, such as to allow such proceedings or results.”
We are entirely in accord with the conclusions reached by the Alabama Court.
Affirmed.
ROBERTS, C. J., and SEBRING and HOBSON, JJ., concur.