WIGGINTON, Judge.
Defendant has appealed a final judgment which holds that the purported signatures of plaintiff’s decedent appearing on a deed and two mortgage releases were forgeries, thereby rendering the deed and releases null, void, and of no effect.
By her first point on appeal appellant contends that the court erred in holding that the burden of proof required to establish the allegations of plaintiff’s complaint was by a preponderance or greater weight of the evidence rather than by the standard of clear and convincing evidence applicable to cases involving fraud. In support of her position appellant relies on the following established principle of law:
“Although the surreptitious nature of fraud makes it difficult to obtain direct and particular proof thereof, it is still necessary to produce evidence as to its existence. And a charge of fraud cannot be sustained by mere suspicion, conjecture, or doubtful circumstances. Indeed, it is the rule in Florida that it can be established only by ‘clear and convincing evidence,’ which standard is higher than that required under a mere ‘preponderance of the evidence.’ ” [1]
*267 Although admitting that there exists a legal distinction between fraud and forgery, appellant reasons that since forgery is a species of fraud, the same rule applicable to the burden of proof in establishing fraud should be applied in establishing forgery.[2] With this contention we are unable to agree.
A review of the complaint fails to disclose any allegation of fraud charged against defendant. The several causes of action alleged in the complaint are based exclusively upon the allegations that the documents in question were forgeries. Defendant is not alleged to have forged the documents herself or to have procured the commission of the forgeries by another.
In Boyd v. Gosser [3] the issue before the trial court was whether the signature of the defendant’s decedent appearing on a contract of purchase and sale was a forgery. In declaring that the standard of proof to be applied in resolving that issue was the preponderance of evidence rule generally applicable in civil actions, the Supreme Court of Florida said:
“So we have in this case upon the one side the law of mathematical probabilities, and upon the other the law of moral probabilities. ‘Preponderance of the evidence’ is a phrase which in its last analysis means probability of its truth. In a cause where there is conflicting moral evidence, the jury in the one case, the chancellor in the other, is required to decide accordingly as the weight of the evidence preponderates in favor of one proposition or the other. That is to say, having no personal knowledge of the transaction under investigation, they must by the application of common knowledge and experience decide which set of witnesses or line of evidence raises the greater probability of its consistency with truth. * * * In this view of the evidence we are of the opinion that the decree of December 27, 1916, was erroneous; that it was manifestly against the weight of the evidence and clearly erroneous.”
In the later case of Security Trust Co. v. Calafonas [4] the principal issue concerned a deed alleged to be a forgery. In discussing the proof submitted in support of the decree finding that the signature appearing on the deed was in fact a forgery thereby rendering the deed null and void, the Supreme Court said:
“ * * * The issue of whether the deed involved was a forgery was a question of fact. The lower Court heard all of the evidence and entered the final decree in which he found the deed ‘was and is a forgery.’ The record contains substantial, competent evidence to support this finding and that is all the law requires.”
The rule concerning the quantum of proof necessary in a civil action to prove the issue of forgery which prevails in Florida has also been adopted as the law of Arkansas. In Davidson v. Bell[5] the Supreme Court of that state succinctly stated the applicable rule to be as follows:
“This is not a case where it is contended that a deed was obtained by duress or fraud; under those circumstances, the law requires that the proof be clear, cogent and convincing before the deed can be set aside. Here, it is simply asserted by appellee that the deed was a forgery, and the quantum of proof necessary to sustain such an allegation is a preponderance of the evidence. Coulter v. Clemons, 237 Ark. 227, 372 S.W.2d 396. We are unable to say that the Chancellor’s findings were clearly against the preponderance of the evidence.”
*268 From the foregoing it is our conclusion that the trial court applied the correct principle of law in holding that the burden of proving that the instruments in question were forgeries was by a preponderance or greater weight of the evidence, and not by clear and convincing evidence as required in resolving issues of fraud.
We have carefully considered appellant’s remaining point concerning the admissibility of certain proffered exhibits, but find it to be without substantial merit.[6]
Affirmed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.

. 14 Fla.Jur. 642, 643, Fraud and Deceit, § 83.

. 37 C.J.S. Fraud § 1, p. 207.

. Boyd v. Gosser, 78 Fla. 64, 82 So. 758, 761.

. Security Trust Co. v. Calafonas (Fla.1953) 68 So.2d 562, 563, 564.

. Davidson v. Bell (Ark.1969) 447 S.W.2d 338, 340.

. F.S. § 92.38, F.S.A.